IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DONALD GALLOWAY,

    Petitioner,

vs.                                   Case No. 1:05cv75-MP/WCS

JAMES McDONOUGH,[1]

    Respondent.

_____/


## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Petitioner Galloway filed a 28 U.S.C. § 2254 petition, challenging the 1979 judgment of Eighth Judicial Circuit Court in Alachua County. Doc. 2, p. 1. Petitioner received three 99 year sentences, one for sexual battery with a deadly weapon and two counts of robbery with a firearm. *Id.* Respondent was directed to file a response. Docs. 2 and 6. Respondent filed a motion to dismiss and notice of filing exhibits. Docs. 9 and 10. References to exhibits are to those submitted with doc. 10. Petitioner filed a

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

response.  Doc. 12.  The case was then reassigned to this magistrate judge for further proceedings.  Doc. 14.

Respondent asserts that this is a successive petition, and that it is untimely.  The first issue is dispositive, as the court lacks jurisdiction to consider a second or successive petition which has not been authorized for filing by the court of appeals.  28 U.S.C. § 2244(b)(3)(A); § 2254 Rule 9; Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), *cert. denied*, 542 U.S. 958 (2004) (district court was obliged to dismiss petition as it lacked jurisdiction over unauthorized second or successive petition); Hill v. Hopper, 112 F.3d 1088 (11th Cir.1997), *cert. denied*, 520 U.S. 120 (1997) (district court lacked jurisdiction to consider civil rights claim, which was the "functional equivalent" of an unauthorized second petition).

Petitioner filed a § 2254 petition dated July 15, 1984.  Ex. II.  The petition bears a case number from this district, GCA 84-0101-MP, and a number assigned by the Middle District of Florida.  Ex. II, p. 1.  According to this court's docket in GCA 84-0101-MP,[2] the petition was transferred here from the Middle District of Florida.

The petition in the 1984 case challenged Petitioner's 1979 conviction and three 99 year sentences imposed in Alachua County for sexual battery and two counts of robbery.  Ex. II, p. 2. Petitioner asserted ineffective assistance of counsel on appeal and insufficient evidence to support the verdict (which could have been remedied by

---

[2] That is the number as it appears on the petition and the report and recommendation, filed here as Exs. II and LL.  Under the court's current format, the number would be 1:84cv101-MP.  The file was sent to archives long ago.  The paper docket for that case (still retained by the clerk) has been scanned into the docket for this case as doc. 16.

Case No. 1:05cv75-MP/WCS

effective appellate counsel).  Attached to the initial § 2254 petition (and included with Ex. II) was the habeas corpus petition filed in the state appellate court, claiming ineffective assistance of appellate counsel and seeking appointment of counsel for a new appeal.  A response and motion to dismiss or for summary judgment was filed.  Ex. JJ; doc. 6 in the 1984 case.  Petitioner filed a response.  Ex. KK; doc. 8 in the 1984 case.

A report and recommendation was filed on October 31, 1984.  Ex. LL; doc. 9 in the 1984 case.  The court addressed Petitioner's claims on the merits, recommended that the § 2254 petition be denied, and recommended that the clerk be directed to enter judgment accordingly.  *Id.*  The recommendation was adopted and judgment entered on the docket on November 30, 1984.  Docs. 10 and 11 in 1984 case.  A certificate of probable cause and leave to proceed in forma pauperis on appeal were denied by this court and the court of appeals.  Docs. 16 and 22 in the 1984 case.

Petitioner asserts in this case that Respondent fails to show his petition is successive.  Doc. 12, pp. 1, 3.  "The 1984 federal habeas filing did not challenge the validity of Petitioner's convictions or sentence.  It was simply the only way to address appellate counsel issues."  *Id.*, p. 3.  Petitioner states that, "[s]urely, *if* the habeas corpus filed over 20 years ago were denied without prejudice and prior to the advent of DNA, the gateway to the District Court would not be closed. . . . Nowhere in the 1984 petition does Petitioner request any relief other than an appeal with competent counsel."  *Id.*, p. 4 (emphasis added). [3]

---

[3]"When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b)."  Dunn v. Singletary,

Then, as now, a petitioner must raise *all* available grounds for relief against the state court judgment in his § 2254 petition.  Rule 2254 2(c) (1984); § 2254 Rule 2(c)(1) (as amended in 2004).  The fact that Petitioner did not raise other available grounds in a prior petition does not mean a subsequent petition is not second or successive.  Effective April 24, 1996, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  § 2244(b)(1).[4]  Where "[a] claim presented in a second or successive habeas corpus application . . . was *not* presented in a prior application," it shall be dismissed *unless* certain conditions are met.  § 2244(b)(2) (emphasis added).  In other words, a petition is "second or successive" without regard to whether it presents a new claim which would be permitted, and authorization from the court of appeals before this court considers "a second or second or successive application as permitted by this section . . . ."  § 2244(b)(2) and (b)(3)(A).  This is clearly a second or successive habeas corpus application.

---

168 F.3d 440, 441 (11th Cir. 1999) (emphasis in original, citations omitted).  But Petitioner's prior petition was denied on the merits, and this petition is subject to the restrictions of § 2244(b).  <u>Dunn</u>, 168 F.3d at 442 (where relief had been denied on the merits, the restrictions on successive filings applied even though the judgment on the prior petition indicated, erroneously, that it was dismissed without prejudice.

[4] Under prior law, a second or successive petition was subject to dismissal if it did not raise new or different grounds for relief and the prior ruling was on the merits or, if new and different grounds were raised, the failure to previously assert those grounds was an abuse of the writ.  § 2254 Rule 9(b) (1984).  A petition was "successive" if it raised grounds which had already been raised and rejected; it was "abusive" if it raised grounds which were available but not previously raised.  <u>Schlup v. Delo</u>, 513 U.S. 298, 318, n. 34, 115 S.Ct. 851, 863, n. 34, 130 L.Ed.2d 808 (1995) (citations omitted).

If there is DNA evidence that could not have been discovered previously and would prove that, but for constitutional error, no reasonable fact finder would have found Petitioner guilty,[5] then Petitioner may seek authorization for filing a second or successive motion pursuant to § 2244(b)(2)(B)(i) and (ii).  Whether authorization should be granted can only be determined by the Eleventh Circuit.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 9) be **GRANTED**, and the § 2254 petition (doc. 2) be **DISMISSED** as authorization for filing a second or successive petition has not been granted by the court of appeals. The clerk shall forward a copy of doc. 16 to Petitioner with this report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Petitioner does not actually allege that the DNA evidence exists, but that his conviction was "obtained by lack of DNA technology which would have completely exonerated him," and would have caused Leon Poole  to be convicted.  Doc. 2, p. 5. *See also* Ex. O (state court order noting that Petitioner claimed entitlement to DNA testing but had made no showing that such evidence existed); Galloway v. State, 802 So.2d 1173, 1175 (Fla. 1st DCA 2001) (affirming that order, even if, as Petitioner alleged, DNA testing would show that his DNA did not match evidence found at the scene and on the body of the victim, it would not exonerate him); Ex. U (order denying motion for relief raising same allegations, which "are still insufficient to grant DNA testing.  Furthermore, the evidence in this case has been destroyed.").

Case No. 1:05cv75-MP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**